**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOCSAN DAVID ACEITUNO CHAVEZ,<br><br>*Petitioner,*<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Respondents.* | Hon. Madeline Cox Arleo, U.S.D.J.<br><br>Civil Action No. 26-08582 (MCA)<br><br>**ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW** |

THIS MATTER is before the Court on Respondents' Motion to Seal Exhibit E to Respondents' July 13, 2026 Response (ECF No. 6); and the Court having considered the submissions of the parties; and the Court having made the following findings of fact and conclusions of law pursuant to Local Civil Rule 5.3(c); and for good cause having been shown:

1. On July 11, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See generally* ECF No. 1.

2. On July 13, 2026, Respondents filed a response to Petitioner's July 11, 2026 petition (ECF No. 1). ECF No. 6.

3. In support of that response, Respondents submitted Exhibit E, among other exhibits. ECF Nos. 6-5.

4. Respondents seek to seal Exhibit E in its entirety.

5. It is well settled that "a common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*,

924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). However, "the common law right of access is 'not absolute'" and the presumption of public access may be rebutted where the party seeking to seal records demonstrates "'that the interest in secrecy outweighs the presumption.'" *Id.* (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

6. Local Civil Rule 5.3(c)(3) requires a party seeking to permanently seal materials filed with the court to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

7. Exhibit E is Petitioner's record of criminal history that contains sensitive personal information concerning Petitioner.

8. Respondents seek to permanently seal Exhibit E to avoid public disclosure of this sensitive personal information concerning Petitioner.

9. Petitioner consents to permanently sealing Exhibit E.

10. After review of Exhibit E, this Court agrees that it should be permanently sealed. The Court finds that the disclosure of Exhibit E to the public, via publication on the Court's docket, is unnecessary and would disclose sensitive personal information, thereby injuring Petitioner's interests.

11. There is no "less restrictive" alternative to sealing this sensitive and confidential record. Exhibit E cannot be redacted as it is almost entirely comprised of sensitive information. Further, the unsealed materials available on the docket provide sufficient information for the public to understand the implicated legal issues, factual circumstances, and issues of dispute between the parties.

12. Maintaining these records under permanent seal will not prejudice Petitioner because they were made available to him in connection with proceedings before the Elizabeth Immigration Court for review of Petitioner's custody determination status and/or during the associated criminal cases.

13. Accordingly, the Court finds that good cause exists to seal the records at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and Local Civil Rule 5.3(c). The Court therefore permits the Clerk of the Court to maintain this record under seal.

HONORABLE MADELINE COX ARLEO
United States District Judge

At Newark, New Jersey

Date: 8/14/26